IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES D. COX, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-567 |
| | ) | Magistrate Judge Amy Reynolds Hay |
| TIMEKEEPING SYSTEMS, INC., | ) | |
| Defendant | ) | RE: Dkt. [5], [6] |

## MEMORANDUM ORDER

Charles D. Cox ("Cox" or "the Plaintiff") worked for Timekeeping Systems, Inc. ("TKS" or "the Defendant") as a salesman from December 10, 2002, until February 8, 2008, when he was terminated by TKS. Complaint, Dkt. [1-3], at ¶¶ 3, 17. Thereafter, a company by the name of Codex, Inc. ("Codex") offered Plaintiff employment. Id. at ¶ 20. TKS apparently considers Codex to be a direct competitor. Id. at Exh. C. Accordingly, on April 8, 2008, TKS notified Codex that Plaintiff was subject to a Business Protection Agreement ("the Agreement") that prohibited Plaintiff from accepting employment from or providing services to any competitor of TKS for the period of one year after leaving TKS. Id. Codex then notified Plaintiff that it "[would] not proceed with his employment until he resolve[d] issues related to the Business Protection Agreement." Complaint, at ¶ 33.

On April 18, 2008, Cox filed suit against TKS in the Court of Common Pleas of Allegheny County seeking a declaratory judgment that the Agreement is unenforceable. Complaint, at Count I. Additionally, Cox brought a claim of intentional interference with contractual or prospective contractual relations. Complaint, at Count II.

On April 23, 2008, TKS removed the action to federal district court. Dkt. [1]. Thereafter, Cox filed two motions, which are the subject of this Opinion and Order: (1)

Emergency Motion for Preliminary Injunction, Dkt. [5], and (2) Motion for Expedited Discovery, Dkt. [6]. For the reasons that follow, both motions will be denied.

In his motion for injunctive relief, the Plaintiff asserts that there is a substantial likelihood that he will prevail on the merits of his suit to have the Agreement declared unenforceable. As well, he claims he will suffer irreparable injury if an injunction is not granted "as the possibility of employment with Codex, Inc. diminishes as time passes." Dkt. [5], at ¶ 16.

The grant of injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)(internal citation omitted). As the parties acknowledge, in order to obtain a preliminary injunction, the moving party "must demonstrate both a likelihood of success on the merits and the probability of irreparable harm if the relief is not granted." Morton v. Beyer, 822 F.2d 364, 367 (3d Cir. 1987)(citations omitted).[1] "[W]e cannot sustain a preliminary injunction ... where either or both of these prerequisites are absent." In re Arthur Treacher's Franchisee Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982).

In general, to show irreparable injury, a plaintiff "must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." Instant Air Freight Co., 882 F.2d at 801 (citations omitted). If money damages provide an adequate remedy at law, then the plaintiff has not demonstrated irreparable harm and this Court cannot grant a preliminary injunction. Id.; see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)

---

[1] As well, the Court "should take into account, when they are relevant, ... the possibility of harm to other interested persons from the grant or denial of the injunction, and ... the public interest." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). The parties have not argued these two elements, apparently indicating their lack of relevance at this juncture.

("Economic loss does not constitute irreparable harm."); Morton, 822 F.2d at 372 ("Although we are not insensitive to the financial distress suffered by employees whose wages have been terminated, we do not believe that loss of income alone constitutes irreparable harm."); Frank's GMC Truck Center, Inc., 847 F.2d at 102 (Assuming that plaintiff "will in fact suffer substantial lost profits ... the harm flowing therefrom is compensable by money damages. The availability of adequate monetary damages belies a claim of irreparable injury.").

The resistance to awarding injunctive relief where the harm can be remedied with monetary damages is substantial. In Morton, the Third Circuit overturned an injunction awarded by the trial court even though it was clear that the plaintiff lived from pay check to pay check and would be deprived of his salary for some time to come absent an injunction. 822 F.2d at 372. In Instant Air Freight Co., the Third Circuit overturned an injunction awarded by the trial court even though the plaintiff was likely to succeed on the merits and the Circuit recognized that without an injunction "[plaintiff's] business will be completely destroyed, its employees and jobs will be lost and its goodwill and business reputation will be ruined." 882 F.2d at 801. In Frank's GMC Truck Center, Inc., the Third Circuit overturned an injunction awarded by the trial court even though the company stood to lose sales and customers and therefore substantial profits in the absence of injunctive relief. 847 F.2d at 102-103.

As rehearsed, the irreparable harm being claimed by the Plaintiff in this case consists of lost wages and/or the opportunity to earn a salary. See Complaint, at ¶ 44; Emergency Motion for Preliminary Injunction, Dkt. [5], at ¶ 16. He also argues that his reputation "is being demolished." See Plaintiff's Reply to Defendant's Opposition to the Emergency Motion for Injunctive Relief, Dkt. [11], at p. 4. Based on the caselaw recited above, it would appear that

monetary damages would provide the Plaintiff an adequate remedy at law and, thus, would preclude a finding of irreparable harm.

Plaintiff attempts to distinguish his case with the conclusory statement that "a monetary award alone cannot remedy Cox's <u>bar</u> from employment." Plaintiff's Sur-Reply to Defendant's Sur-Reply Brief, Dkt. [14-2], at p. 3 (emphasis added). However, the facts of the instant case do not allow this Court to properly conclude that Plaintiff is being barred, as distinguished from impaired, from employment. In <u>Morton</u>, the Third Circuit rejected a claim similar to Plaintiff's. Morton argued that his suspension as a corrections officer constituted irreparable injury "because the trust and confidence that he had earned from the prisoners and fellow employees has been so impaired that he is precluded from obtaining employment in his chosen profession." 822 F.2d at 373 n.13 (internal quotation marks and citation omitted). Morton relied on the case of <u>Fitzgerald v. Mountain Laurel Racing, Inc.</u>, 607 F.2d 589, 598 (3d Cir. 1979), where the Circuit determined that Fitzgerald, a licensed horse racing trainer and driver, suffered irreparable injury to his business and reputation after being evicted from defendant's race track, which "had the extreme effect of barring him from any activity at the track." The Circuit found Morton's reliance on <u>Fitzgerald</u> to be misplaced since the decision in <u>Fitzgerald</u> was based on the nature of Fitzgerald's profession, which involved licensing that was essential to the pursuit of the plaintiff's particular livelihood. The Circuit concluded that it did not equate the erosion of trust and confidence stemming from Morton's suspension with the suspension of a license: "In other words, the licensee in <u>Fitzgerald</u> was potentially <u>barred</u>, not merely impaired, from obtaining employment. ... No such extreme deprivation is present here." <u>Id.</u> Here, too, the facts do not support Cox's claim of such an extreme deprivation.

4

In support of his claim of irreparable harm, Cox referenced several cases where injunctions were awarded. Upon close examination, however, none of those cases helps his cause.

In Newlife Homecare Inc. v. Express Scripts, No. 3:07 cv 761, 2007 WL 1314861 (M.D. Pa., May 4,2007), the plaintiff moved for a temporary restraining order, asking the court to order the defendant to pay plaintiff over $1.6 million that plaintiff claimed it was owed. Noting that "the law requires convincing proof that a business will in fact cease to exist or be forced into bankruptcy for such an eventuality to be considered irreparable harm," id. at *5, the district court found that plaintiff had presented "concrete evidence that it will in fact be forced out of business and/or into bankruptcy due to the defendant's failure to release payments," id. at *6, to the plaintiff and, thus had established irreparable harm. Further, the district court considered that the plaintiff company supplied "vital life saving medications to its patients that are not available in the typical pharmacy," id., which factor bolstered the court's finding of irreparable injury. Id. Cox's circumstances do not remotely approximate those of Newlife.

In Goldhaber v. Foley, 519 F.Supp. 466 (E.D.Pa. 1981), the district court found that the plaintiffs had established irreparable injury since they were being denied their public employment positions without clear evidence that they would have a damages remedy available to them if they succeeded on the merits. Such is not the case for Cox.[2]

The third case relied upon by the Plaintiff is Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990)("Opticians"), which is a trademark infringement action. The Third Circuit found that "[p]otential damage to reputation constitutes

---

[2] Further, it is not at all clear that facts akin to those in Goldhaber would be upheld on appeal today given the intervening decision in Morton.

5

irreparable injury for the purpose of granting a preliminary injunction in a trademark case." Id. at 196 (emphasis added). As the Circuit discussed at some length, however, in trademark infringement cases the mark is crucial to the owner since "by it he vouches for the goods which bear it; it carries his name for good or ill. If another uses it, he borrows the owner's reputation, whose quality no longer lies within his own control. This is an injury, even though the borrower does not tarnish it or divert any sales by its use ... ." Id. at 195 (quoting Ambassador East, Inc. v. Orsatti, Inc., 257 F.2d 79, 82 (3d Cir. 1958)). Unfortunately for the Plaintiff, it appears that the Third Circuit has limited Opticians to cases involving trademark infringement. See Acierno, 40 F.3d at 653-54. In Acierno, a real estate developer was denied a building permit. The district court, relying heavily on Opticians, granted a preliminary injunction finding, inter alia, that Acierno would suffer damage to his reputation as a business person absent immediate injunctive relief. The Third Circuit disagreed, finding that the record showed nothing more than a potential for purely economic harm. Moreover, as the Circuit discussed, its decision in Opticians "is distinguishable ... because the result in that case was heavily influenced by the special problem of confusion that exists in cases involving trademark infringement and unfair competition. Acierno's problem is not analogous." Because Cox's problem is analogous to Acierno's, Opticians does not lend any support to Cox's claim of irreparable injury.

Under any set of facts alleged in his complaint, it appears that monetary damages would provide the Plaintiff an adequate remedy at law and, thus, would preclude a finding of irreparable harm. Absent a finding of irreparable harm the Plaintiff is not entitled to preliminary injunctive relief. It follows then that there is no need for an evidentiary hearing or for expedited discovery. Therefore, the Court enters the following Order:

AND NOW, this 2nd day of July, 2008, the Plaintiff's Emergency Motion for Preliminary Injunction and Motion for Expedited Discovery are DENIED.

By the Court,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge


cc: All counsel of record by Notice of Electronic Filing